IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIE MAE STUART, | : | Case No. 7:05-CR-2(HL) |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## ORDER

Defendant, proceeding pro se, has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 63). Defendant argues that her sentence should be reduced based on Amendment 709 to the Sentencing Guidelines. Amendment 709 addressed the way certain prior offenses are used to calculate a defendant's criminal history score.[1] This Amendment, however, does not apply retroactively because it is not listed in U.S.S.G. § 1B1.10(c). See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (holding that "amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c)" (emphasis in original)). As a result, Defendant is not entitled to a reduction in sentence based on Amendment 709. See id.

---

[1] Defendant cites to "Amendment 12, Criminal History," but it appears that she is referring to Amendment 709. See U.S.S.G. § 4A1.2, historical notes, 2007 Amendments.

**SO ORDERED**, this the 29th day of July, 2009.

                                                      *s/  Hugh Lawson*
                                                      **HUGH LAWSON, Judge**

dhc