IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE MAE STEWART, | : | |
| | : | |
| Petitioner, | : | |
| | : | **CRIMINAL CASE NO.** |
| | : | 7 : 05-CR-02 (HL) |
| VS. | : | |
| | : | **28 U.S.C. § 2255 CASE NO.** |
| UNITED STATES OF AMERICA, | : | 7 : 07-CV-90000 (HL) |
| | : | |
| Respondent. | : | |

# RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255, filed on June 23, 2014, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 98).

The Petitioner was indicted in this Court on January 21, 2005, on a single count of possession of cocaine base with the intent to distribute. (Doc. 1). On March 9, 2005, the Petitioner pled guilty to the one-count indictment. (Docs. 22, 23). Petitioner was sentenced on May 26, 2005 to 235 months imprisonment followed by 5 years supervised release. (Docs. 26, 29).

The Petitioner filed her first Motion to Vacate on June 25, 2007. (Doc. 31). Following an evidentiary hearing, the U.S. Magistrate Judge recommended that Petitioner's Motion to Vacate be denied. (Doc. 56). This Recommendation was adopted by Court Order dated December 15, 2008. (Doc. 61).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C.

§ 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a § 2255 proceeding must file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive § 2255 motion.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court. Without authorization from the Court of Appeals, the District Court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

The Petitioner's presently pending Motion to Vacate challenges the substance of Petitioner's conviction and sentence. (Doc. 98). In this regard, the Petitioner is challenging the original Judgment and her presently pending § 2255 motion represents a second or successive challenge to her original criminal conviction. A § 2255 petition will be regarded as a "second" petition to the extent that it challenges a defendant's original conviction and sentence. *In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000).

Therefore, inasmuch as this § 2255 motion represents a second challenge to Petitioner's

2

underlying conviction and is not a challenge to any new Judgment regarding Petitioner's conviction or sentence, it is considered successive.  *See United States v. George*, 188 Fed.Appx. 926 (11th Cir. 2006).   Inasmuch as the Petitioner has failed to obtain proper authorization for filing this successive petition, this Court is without authority to entertain this second or successive challenge to Petitioner's conviction and sentence.   Accordingly, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**.   *United States v. Terrell*, 141 Fed.Appx. 849, 852 (11th Cir. 2005) (when a person files a second or successive motion to vacate without first obtaining appropriate authorization from the Court of Appeals, the proper remedy is to dismiss the claims raised in the motion).   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, she may include therein any arguments she wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 2nd day of July, 2014.

s/  ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE
